# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BOUASAVANH PHALAKHONE,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. C 12-4105-MWB<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES** |

## I. INTRODUCTION

This case is before me on plaintiff Bouasavanh Phalakhone's (Phalakhone's) application for attorney's fees, which he filed on January 10, 2014 (docket no. 21). Phalakhone's application follows my December 9, 2013, order in which I accepted Judge Strand's Report and Recommendation, reversed the Commissioner of Social Security's (the Commissioner's) decision denying Phalakhone disability benefits, and remanded Phalakhone's claim to the Commissioner for further consideration (docket no. 19). The Clerk entered judgment in favor of Phalakhone on December 9, 2013 (docket no. 20).

In his application, Phalakhone requests $5,342.85 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In support of his application, Phalakhone submits (1) a declaration from his attorney, Gretchen Jensen (Jensen) (docket no. 21), and (2) an itemized billing record documenting the hours that Jensen spent working on the case (docket no. 21).

The Commissioner filed a response to Phalakhone's application on December 30, 2013 (docket no. 21). The Commissioner has no objection to Phalakhone's request for $5,342.85 in attorney's fees.

## II. ANALYSIS

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the EAJA, "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). A judgment against the Commissioner is no longer appealable after 60 days. Fed. R. App. P. 4(a)(1)(B)(iii) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity[.]"). Thus, a judgment against the Commissioner becomes final 60 days after the Clerk enters that judgment.

If attorney's fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient

to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded.").

Here, the parties do not dispute, and I find, that Phalakhone is a prevailing party. I also find that the position of the United States was not substantially justified because the Commissioner, who bears the burden of proving substantial justification, does not claim that her position was substantially justified and instead agrees that Phalakhone should receive an EAJA award. *See Herman v. Schwent*, 177 F.3d 1063, 1065 (8th Cir. 1999) (noting that the Commissioner bears the burden of proving substantial justification). I find that the requested award under the EAJA is just and appropriate; $5,342.85 is reasonable for 28.8 hours of work by Jensen (docket no. 1) (noting that Jensen worked 28.8 hours on the case). I, therefore, grant Phalakhone's application for attorney's fees in the amount of $5,342.85. In *Astrue v. Ratliff*, the United States Supreme Court held that, under the EAJA, statutory attorney's fees awards must be payable to the prevailing social security plaintiff, not his attorney. 560 U.S. 586, 130 S. Ct. 2521, 2529 (2010). Thus, I find that Phalakhone's award must be payable directly to Phalakhone.

### III. CONCLUSION

**THEREFORE,** Phalakhone's application for attorney's fees under the EAJA (docket no. 21) is **granted**. I award Phalakhone $5,342.85 in attorney's fees under the EAJA, which is subject to offset for any debts Phalakhone may owe to the United States. The fee award shall be paid by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(4) ("Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise."). If consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Phalakhone's attorney, Jensen. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d

1006, 1011 (E.D. Ark. 2011) (directing that EAJA "award be made payable to the plaintiff . . . and mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment").

**IT IS SO ORDERED**.

**DATED** this 21st day of January, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA